UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Todd Alfortish and Sylvia Alfortish Individually and on Behalf of All Others Similarly Situated Plaintiffs<br><br>versus<br><br>GREENSKY, LLC and SUNTRUST BANK, INC | CLASS ACTION COMPLAINT<br><br>CIV. NO. 2:16-cv-15084<br><br>JUDGE IVAN L.R. LEMELLE<br><br>MAG. JANIS VAN MEERVELD |

*******************************************************************

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Todd Alfortish, Sylvia Alfortish, and James Fincher ("Plaintiffs" or "Putative Class Representatives"), by and through undersigned counsel, sue in their individual capacity and on behalf of a class of persons defined below, and hereby allege the following with knowledge as to their own acts and on information and belief as to all other acts:

### OVERVIEW OF DEFENDANTS' UNLAWFUL CONDUCT

1.  Plaintiffs, Todd Alfortish, Sylvia Alfortish, and James Fincher, bring this case as a class action to challenge the unlawful, unfair, and deceptive practices of Defendant, GreenSky, LLC d/b/a GreenSky Trade Credit, LLC ("GreenSky").

2.  GreenSky has agency relationships with solar companies in Louisiana including, but not limited to, Joule, LLC, Southcoast Solar, A-1 Solar Source, SunPro, and others (the "Solar Companies.")

3.    Through advertising, marketing and other avenues, the Solar Companies sold solar energy systems to Plaintiffs through the promised incentives of energy savings and guaranteed federal and Louisiana state income tax refunds.

4.    However, by early 2015, the Solar Companies knew or should have known that the Louisiana state income tax refunds were not guaranteed.

5.    Despite its knowledge that the state income tax refunds were not guaranteed, the Solar Companies were not forthcoming to Plaintiffs about the potential unavailability of state income tax refunds associated with the purported purchase of the systems, thereby incentivizing consumers to purchase solar energy systems in violation of state and federal laws.

6.    Moreover, the Solar Companies presented Plaintiffs with purported eighteen (18) month "interest free" bridge loans provided by GreenSky, the creditor through whom Plaintiffs attained financing for their purchases while waiting for their tax credits, in order to convince consumers to purchase solar energy systems.

7.    Despite its knowledge that the GreenSky bridge loans were not interest free but rather interest waivable, the Solar Companies were not forthcoming to Plaintiffs about the total interest payments required under the bridge loan, thereby incentivizing consumers to purchase energy systems in violation of state and federal laws.

8.    At all pertinent times, the Solar Companies were acting as the agent of GreenSky, the creditor through whom Plaintiffs financed their purchases through onerous financing agreements ("bridge loans").

9.    The interest waivable bridge loans carried an interest rate of at least 17.99%.

10. At the time the Plaintiffs signed the agreement with the Solar Companies, they were not aware of the terms of the bridge loans.

11. By granting the Solar Companies the authority to enter into finance agreements and to represent the bridge loan and its terms on GreenSky's behalf in order to induce Plaintiffs into entering into the bridge loans, GreenSky is vicariously liable for the acts and omissions of its agents, the Solar Companies.

12. Moreover, GreenSky knew or should have known that its agents, the Solar Companies, failed to disclose that the bridge loans were not interest free but rather interest waivable while acting on behalf of GreenSky in furtherance of reaching loan agreements between GreenSky and Plaintiffs.

13. Despite its knowledge that the Solar Companies misrepresented the terms of the bridge loans to Plaintiffs in order to induce them into entering into the bridge loans, GreenSky authorized the Solar Companies to continue to induce Plaintiffs to purchase solar energy systems based on purported eighteen (18) month interest free bridge loans with GreenSky, thereby incentivizing consumers to purchase solar energy systems in violation of state and federal laws.

14. Upon information and belief, Synovus Bank is a partner with GreenSky in the bridge loans.

15. Upon information and belief, SunTrust Bank, Inc. is a partner with GreenSky in the bridge loans.

## JURISDICTION AND VENUE

16.  This Court has subject matter jurisdiction over this class action because:

    a.  this Court has Federal Question Jurisdiction over the claims brought under the Truth in Lending Act, 15 U.S.C.§ 1638.

    b.  this Court has ancillary jurisdiction over all remaining claims.

17.  This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. §1332 as amended by the Class Action Fairness Act of 2005 because:

    a.  the number of members of the proposed plaintiff class is greater than 100;

    b.  members of the plaintiff class are citizens of a State different from any Defendant;

    c.  the amount in controversy, aggregated among all individual class members, plus statutory damages and attorney fees, exceeds $5 million; and

    d.  there are an estimated 500 people in the class. Plaintiffs allege that each person's claim is over $25,000.00.

18.  Under 28 U.S.C. §1391(a)(2), venue lies in the Eastern District of Louisiana because a substantial part of the events giving rise to this action occurred in the Eastern District of Louisiana.

## PLAINTIFFS

19.  Plaintiffs, Todd Alfortish and Sylvia Alfortish, are domiciled in Kenner, Louisiana.

20.  Plaintiffs, James Fincher, is domiciled in New Orleans, Louisiana.

## DEFENDANTS

21.  Defendant, GreenSky, LLC d/b/a GreenSky Trade Credit, LLC ("GreenSky"), is a Georgia limited liability company with its principal place of business at 5565 Glenridge Connector, Suite 800, Atlanta, GA 30342.

22. Defendant, Synovus Bank ("Synovus"), is a Georgia corporation with its domicile in 1111 Bay Avenue, Suite 500, Columbus, GA 31901.

23. Defendant, SunTrust Bank, Inc. ("SunTrust") is a Georgia corporation with its domicile in 303 Peachtree St, N.E., Atlanta, GA 30308.

## STATEMENT OF FACTS

24. The Solar Companies are licensed solar contractors in Louisiana who sold solar energy systems to Plaintiffs through the promised incentives of energy savings and guaranteed federal and state income tax refunds.

25. Defendants, GreenSky, Synovus and SunTrust, are creditors to the Plaintiffs through whom the Solar Companies' customers, Plaintiffs, financed their purchases through onerous financing agreements ("bridge loans"). Synovus was the lender for Todd and Sylvia Alfortish, and SunTrust the lender for James Fincher.

26. At all pertinent times, the Solar Companies were acting as the agent of GreenSky.

27. By granting the Solar Companies the authority to enter into finance agreements and to (mis)represent the bridge loan and its terms on GreenSky's behalf in order to induce Plaintiffs into entering into the bridge loans, GreenSky is vicariously liable for the acts and omissions of its agents, the Solar Companies.

28. The Solar Companies sales pitch to Plaintiffs was based on their guarantee that Plaintiffs would receive state income tax credits.

29. However, by early 2015, the Solar Companies knew or should have known that the state income tax credits would not be guaranteed as the Solar Companies were actively lobbying and

fighting against proposed legislation aimed to cap the total amount of solar energy income tax credits.

30. Further, by June 19, 2015, the Solar Companies knew or should have known that the state income tax credits were not guaranteed after the legislative cap became effective law.

31. Despite its knowledge that the state income tax refunds were not guaranteed, the Solar Companies were not forthcoming to Plaintiffs about the potential unavailability of state income tax refunds associated with the purported purchase of the systems and continued to use the state income tax refunds as the crux of its sales pitch, thereby incentivizing consumers to purchase solar energy systems in violation of state and federal laws.

32. Despite its knowledge that the state income tax refunds were not guaranteed, the Solar Companies continued to use the promise of state income tax credits to induce Plaintiffs into purchasing solar energy systems.

33. The Solar Companies, acting as GreenSky's agent, further induced Plaintiffs into purchasing solar energy systems by offering financing agreements which were represented as "interest free" bridge loans for a period of 18 months, purportedly designed to act like gap financing in order to allow Plaintiffs enough time to file their tax returns and receive their state income tax credits to satisfy the loans in full before they would ever have to pay any interest.

34. Despite the Solar Companies' representations to Plaintiffs that the loan with GreenSky was interest free for 18 months and that Plaintiffs would receive the solar energy income tax credits within that time frame, the loan with GreenSky actually incurred interest from the moment of purchase. Rather than being interest free, the loan instead would waive all interest incurred within the first 18 months if the entire bridge loan was satisfied within 18 months of the purchase.

35. GreenSky knew or should have known that its agents, the Solar Companies, failed to disclose that the bridge loans were not interest free but rather interest waivable while acting on behalf of GreenSky in furtherance of reaching loan agreements between GreenSky and Plaintiffs.

36. Despite its knowledge that the Solar Companies misrepresented the terms of the bridge loans to Plaintiffs in order to induce them into entering into the bridge loans, GreenSky authorized the Solar Companies to continue to induce Plaintiffs to purchase solar energy systems based on purported eighteen (18) month interest free bridge loans with GreenSky, thereby incentivizing consumers to purchase solar energy systems in violation of state and federal laws.

37. Plaintiffs applications for the state income tax credit were denied based on the legislative cap of which Defendants were aware when Plaintiffs entered into their purchase agreement and the related financing agreement with GreenSky.

38. Had Plaintiffs known about the potential unavailability of the state income tax credits, and therefore the potential risk that Plaintiffs would have to pay onerous interest rates which began to accumulate from the date of purchase in the event they did not receive the state income tax credits within the 18 month period, Plaintiffs would not have purchased the solar energy systems.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs bring this claim individually and on behalf of all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40. The class consists of all Louisiana residents who entered into finance agreements ("bridge loans") with GreenSky as a result of purchasing solar energy systems from the Solar Companies and who were denied the solar energy state income tax credit.

41. The precise number of individuals in the class is known only to Defendants but is believed to include over five hundred households. Because of the large number of class members, joinder of all members is impracticable.

42. This action present questions of law and fact common to the class including:

   a. whether Defendants' conduct violates the Louisiana Unfair Trade Practice Act and Consumer Protection Law, La. R. S. 51:1401 et seq;

   b. whether Defendants' conduct violates the Truth in Lending Act;

   c. whether Defendants' were unjustly enriched as a result of their actions;

   d. whether Defendants' conduct violates the Louisiana Consumer Credit Law.

43. The claims brought by class representative Plaintiffs are typical of the class.

44. Class representative Plaintiffs will fairly and adequately represent the interests of the class.

45. Class representative Plaintiffs have hired counsel who are able and experienced in class action litigation and will vigorously litigate this action.

*Fed. R. Civ. P. Rule 23(b)(3)*

46. Questions of law and fact common to the class members predominate over any pertinent questions to individual members.

47. A class action is superior to other available methods of adjudicating the claims in this action because:

a.  individual damages to any one class member are relatively small, making the expense of prosecuting or controlling individual litigations prohibitive or impractical for class members;

b.  no member of the class has commenced litigation to determine the questions presented; and

c.  a class action can be managed with efficiency and without undue difficulty because Defendants have used standardized financing contracts, have advertised and marketed in standardized formats, and Plaintiffs and members of the Plaintiff Class were similarly affected by Defendants' deceptive schemes and misrepresentations.

## FIRST CAUSE OF ACTION

### Violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 et seq, by all Defendants

48. Plaintiffs, Todd Alfortish, Sylvia Alfortish, and James Fincher, individually, and on behalf of the Plaintiff Class, reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

49. The Louisiana Unfair Trade Practices Act (LUTPA) prohibits "[u]nfair methods of competition, and unfair or deceptive acts or practices in the conduct of any trade or commerce." La R.S. 51:1405.

50. The Defendants violated LUTPA because they misled Plaintiffs and the Plaintiff Class about the potential unavailability of the state income tax credits despite their knowledge that the state income tax refunds were not guaranteed.

51. Despite their knowledge that the state income tax refunds were not guaranteed, the Solar Companies were not forthcoming to Plaintiffs about the potential unavailability of state income tax refunds associated with the purported purchase of the systems, thereby incentivizing consumers to purchase solar energy systems in violation of state and federal laws.

52. The Defendants violated LUTPA because they did not inform Plaintiffs that the state income tax credits were not guaranteed despite their knowledge to the contrary.

53. The Defendants violated LUTPA because they used the incentive of the tax credits, and subsequent guarantee thereof, to induce Plaintiffs into entering into contracts to purchase solar energy systems.

54. The Defendants violated LUTPA because they used the incentive of "interest free" bridge loans to induce Plaintiffs into entering into contracts to purchase solar energy systems.

55. The Defendants violated LUTPA because they did not inform Plaintiffs that the bridge loans were not "interest free" but instead interest waivable. .

56. These acts were and are unconscionable, unfair, deceptive and misleading to customers.

57. At all pertinent times, the Solar Companies were acting as the agent of GreenSky, through whom Plaintiffs financed their purchases through the use of onerous financing agreements.

58. Thereby, through the authority vested by GreenSky to the Solar Companies to enter into finance agreements and represent the loan and its terms on GreenSky's behalf, GreenSky is liable for the acts and omissions of its agents, the Solar Companies.

59. Because of the Defendants' unconscionable, unfair, deceptive acts, Plaintiffs and members of the Plaintiff Class suffered damages including, but not limited to, the payments made thus far

to Defendants pursuant to the onerous bridge loans and the state income tax refunds that were guaranteed by Defendants.

60. Pursuant to LUTPA, Plaintiffs are entitled to recover their reasonable attorney's fees and costs incurred in bringing this action plus treble damages. See La. R.S. 51:1409.

## SECOND CAUSE OF ACTION

### Violation of the Truth in Lending Act All Defendants

61. Plaintiffs individually, and on behalf of the Plaintiff Class, reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

62. GreenSky is a creditor as contemplated by the Truth in Lending Act, and specifically 15 U.S.C.A. § 1638.

63. Under 15 U.S.C.A. § 1638, GreenSky was required to make certain disclosures regarding the amount financed and finance charges related to the loan.

64. GreenSky, through its agents, the Solar Companies, misrepresented the terms of the loan, specifically the terms regarding interest payments and how interest is calculated on the loan.

65. The representations made by GreenSky to Plaintiffs, through GreenSky's agents, the Solar Companies, led Plaintiffs to believe that the bridge loan was interest free for eighteen (18) months.

66. However, GreenSky failed to disclose that the loan was interest waivable if the loan was satisfied in full before the eighteen-month deadline was reached, not interest free for eighteen (18) months.

67. Therefore, the bridge loan entered into between GreenSky and the Plaintiff Class, including Plaintiffs, failed to disclose the total amount of interest that Plaintiffs would be obligated to pay through the bridge loan in violation of the Truth in Lending Act, 15 U.S.C.A. § 1638.

68. Plaintiffs and members of the Plaintiff Class are entitled to the actual damage sustained as a result of the Defendants' failure to comply with the Truth in Lending Act, statutory damages, which shall not be more than the lesser of $1,000,000.00 or 1 per centum of the net worth of the creditor, and attorney fees and costs.

## THIRD CAUSE OF ACTION

### Unjust Enrichment

69. Plaintiffs individually, and on behalf of the Plaintiff Class, reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

70. The Defendants received a benefit from Plaintiffs and members of the Plaintiffs Class when they inequitably received the payments for the solar energy systems and balloon payments for interest from the bridge loans while Plaintiffs were denied the state income tax credits that Defendants used to induce Plaintiffs into entering into the contracts. Plaintiffs and members of the Plaintiff Class were injured by having to pay amounts equal to the denied state income tax credits and interest pursuant to onerous loans with GreenSky.

71. The Defendants were unjustly enriched by their unlawful actions resulting in damages to the Plaintiffs and members of the Plaintiff Class.

## FOURTH CAUSE OF ACTION

### Violation of the Louisiana Consumer Credit Law

72. Plaintiffs individually, and on behalf of the Plaintiff Class, reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

73. The actions of Defendants violated La. R.S. 9:3510 et seq. resulting in damages to the Plaintiffs and members of the Plaintiff Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

(a) Issue an order certifying the Plaintiff Class under Federal Rule of Civil Procedure 23, and appointing Plaintiffs, Todd Alfortish, Sylvia Alfortish, and James Fincher, and their Counsel, Lawrence J. Centola, III, Jason Z. Landry, D. Blayne Honeycutt, Joshua Rubenstein and Heidi M. Gould, to represent the Plaintiff Class;

(b) Declare Defendants' acts and practices as described herein to be unlawful, unfair, misleading, and deceptive;

(c) Declare Defendants' acts and practices as described herein to violate the Truth in Lending Act;

(d)      Declare Defendants' acts and practices as described herein to violate the Louisiana Unfair Trade Practices Act;

(e)      Declare Defendants' acts and practices as described herein to violate the Louisiana Consumer Credit Law;

(f)      Award Plaintiffs and the Plaintiff Class actual damages in an amount according to proof for Defendants' wrongful conduct alleged herein;

(g)      Award Plaintiffs and the Plaintiff Class treble damages to the fullest extent allowed by law;

(h)      Order Defendants to make restitution to Plaintiffs and members of the Plaintiff Class;

(i)      Award Plaintiffs and the Plaintiff Class statutory damages to the fullest extent allowed by law;

(j)      Grant Plaintiffs and members of the Plaintiff Class pre-judgment interest on all sums collected;

(k)      Grant costs of suit, including reasonable attorneys' fees, costs, and expenses; and

(l)      Grant all such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Lawrence J. Centola, III*
Lawrence J. Centola, III (27402)
Email: lcentola@mbfirm.com
Jason Z. Landry (33932)

Email: jzl@mbfirm.com
**MARTZELL, BICKFORD & CENTOLA**
338 Lafayette Street
New Orleans, Louisiana  70130
Telephone:    (504) 581-9065
Facsimile:      (504) 581-7635

And

Heidi Mabile Gould (25148)
Attorney at Law
146 W. Livingston Place
Metairie, La  70005
Telephone: 985-413-8829
Fax: 504-835-7458
Email: heidigould@me.com


Joshua L. Rubenstein (25229)
**SCHEUERMANN & JONES, LLC**
701 Poydras Street, Suite 4100
New Orleans, Louisiana  70139
Phone: (504) 525-4361
jrubenstein@nola-law.com


Calvin Fayard Jr. (5486)
D. Blayne Honeycutt (18264)
**Fayard & Honeycutt**
519 Florida Ave, SW
Denham Springs, LA 70726
dbhoneycutt@fayardlaw.com

15